## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| KANDI ARNHOLD, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 19-1407<br>Judge Eric G. Bruggink |
| KENNETH PICKARD,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 19-1938<br>Judge Eric G. Bruggink |

### **STIPULATION FOR REMOTE DEPOSITIONS**

The parties hereby stipulate pursuant to Rule 30(b)(4) of the Rules of the Court of Federal Claims ("RCFC") that the depositions noticed by any party to be taken by remote means as follows:

1. The depositions will be taken via LegalView operated by Lexitas, which has been selected by Plaintiffs, or via any other platform designated by the party taking the deposition (the "Service"). The parties agree that the witnesses may be sworn-in remotely and that the depositions may be recorded remotely by the means specified in the notice.

2.     The parties will identify any individuals attending the depositions in an email to the other parties and the Service at least 24 hours prior to each deposition.

3.     No later than 12 hours before the start of each deposition, the parties and the witnesses will ensure that they have conducted a test session (the "Test Session") with the Service. The parties may conduct the Test Session separately. The Service will demonstrate the features of the Service to the attendees, and the parties will have an opportunity to test the features of the Service during the Test Session. If technical problems occur during the Test Session and cannot be resolved prior to the date and time of the deposition, the deposition may be postponed. Further, at the Service's request, before the start of the deposition, all attendees will perform a separate connectivity test from the location from which they will attend the deposition.

4.     The Service will email conference line call-in information to the lead counsel for each party at least 24 hours prior to each deposition. Lead counsel may forward the conference line call-in information to co-counsel or any paralegal working on the case but no other individuals.

5.     On the day of each deposition, the deponents and at least one attorney for each party will connect to the video feed and audio by following the instructions provided to them by the Service. Attendees who are not speaking may turn their video capabilities off and/or attend by dialing in by phone only.

6.      Counsel for the deponent is responsible for providing for themselves, and for the deponents, the following equipment in good working order: (1) a webcam; (2) a microphone; (3) a computer or tablet with monitor compatible with the Service; (4) a high speed internet connection; (5) a telephone with a mute button; and (6) an environment reasonably free of distraction and interference. Counsel for the noticing party is responsible for providing all other necessary equipment in good working order for themselves and for the court reporter. In addition, counsel for the deponent will assess the following in advance of the deposition and will provide to, or confirm with, opposing counsel 24 hours in advance of the deposition the following information:

   a. Where the deponent will be physically located during the proceeding;

   b. Where the defending attorney will be physically located during the proceeding;

   c. Confirm that the deponent has necessary video equipment to conduct the proceeding;

   d. Confirm that the proper video conference link was properly distributed to all parties, including to the witness and all attorneys on the defending side.

7.      The parties agree that any of the following methods for administering exhibits may be employed during a remote deposition or a combination of one or more methods:

a. Counsel noticing the deposition may choose to mail physical copies of documents that may be used during the deposition to the deponent, the deponent's counsel, the other party's counsel, and the court reporter.  In that event, noticing counsel shall so inform the deponent's counsel, the other party's counsel, and the court reporter prior to mailing the documents and shall provide tracking information for the package.  Such documents shall be delivered by 12:00 pm ET the business day before the deposition.  Counsel for the deponent, the other party's counsel, and the court reporter shall confirm receipt of the package by electronic mail to counsel noticing the deposition.  If physical copies are mailed, every recipient of a mailed package shall keep the package sealed until the deposition begins and shall only unseal the package on the record, on video, and during the deposition when directed to do so by the counsel taking the deposition.  This same procedure shall apply to any physical copies of documents any other counsel intends to use for examining the witness.

b. Counsel noticing the deposition may choose to send a compressed .zip file of the documents that may be used during the deposition via electronic mail to the deponent, the deponent's counsel, the other party's counsel, and the court

reporter. The .zip file shall be delivered by 8:00 pm ET the business day before the deposition. Counsel for the deponent, the other party's counsel, and the court reporter shall confirm receipt of the .zip file by electronic mail to counsel noticing the deposition. The .zip file shall be password protected, and counsel taking the deposition shall supply the password via electronic email immediately prior to the commencement of the deposition. Recipients of the .zip file shall not open the .zip file until the deposition begins and when directed to do so by the counsel taking the deposition. If sending documents by electronic mail, counsel will be mindful of file size limitations, which presumptively should be less than 50 MB.

  c. Counsel may introduce exhibits electronically during the deposition, by using the Service's document-sharing technology, by using the screensharing technology within the videoconferencing platform, or by sending the exhibit to the deponent and all individuals on the record via electronic mail.

8. To the extent the deponent marks his or her physical copy of the exhibit, the deponent shall send the marked exhibit to the Service within two business days following the completion of the deposition.

9. The parties agree that the court reporter and videographer will not be present in person with the witness. The parties agree not to challenge the validity

of any oath administered by the court reporter, even if the court reporter is not a notary public in the state where the deponent resides.

10. The party that noticed the deposition will pay all fees and costs associated with the Service other than: (a) any per-participant fee for participants associated with any other party other than the witnesses named in the notice of deposition and one attorney of record; and (b) the transcript fees, transcript delivery fees, expedited transcript fees, and any other fees for copies of the transcript and exhibits ordered by other parties.

11. At the beginning of each deposition, the Service's employee responsible for video-recording the deposition, or the court reporter if the deposition is not video-recorded, shall begin the deposition with an on-the-record statement that includes (i) the officer's name and company affiliation; (ii) the date, time, and place of the deposition; (iii) the deponent's name; (iv) the officer's administration of the oath or affirmation to the deponent; and (v) the identity of all persons present.

12. At the beginning of each segment of the deposition, consistent with Rule 30(b)(5)(B) of the Federal Rules of Civil Procedure, the Service's employee responsible for video-recording the deposition, or the court reporter if the deposition is not video-recorded, shall begin that segment of the remote deposition by reciting (i) the officer's name and business address; (ii) the date, time, and place of the deposition; and (iii) the deponent's name.

13. During each deposition, the witnesses, the lawyer questioning the witnesses, the lawyer defending the witnesses, and any person in the room with the

witness must be on-camera and audible at all times that the deposition is on the record.  The court reporter may appear on camera at his or her discretion.  Other attendees must be identified on the record but may not be on camera.  Other attendees may not speak on the record or otherwise disrupt the deposition and must keep their audio on mute while the deposition is on the record.

14. In the event of technological difficulties or other interruptions affecting the witnesses, the court reporter, the questioning attorney, or the defending attorney, the deposition shall be suspended for an appropriate length of time.  In the event of technological difficulties or other interruptions affecting other individuals (but not the witnesses, the court reporter, the questioning attorney, or the defending attorney), the deposition will continue.

15. The parties agree to work collaboratively and in good faith with the Service to assess each deponent's technological abilities and to troubleshoot any issues at least 24 hours in advance of the deposition so any adjustments can be made.  The parties also agree to work collaboratively to address and troubleshoot technological issues that arise during a deposition and make such provisions as are reasonable under the circumstances to address such issues.  This provision shall not be interpreted to compel any party to proceed with a deposition where the deponent cannot hear or understand the other participants or where the participants cannot hear or understand the deponent.

16. No counsel shall initiate a private conference, including through text message, electronic mail, or the chat feature in the videoconferencing system, with any deponent while a question is pending or during the course of questioning.

17. Recognizing that the introduction of exhibits may take longer by remote means, the parties will work in good faith to ensure that the duration of the deposition is sufficient to permit adequate questioning of the witnesses by counsel for both parties.

18. The parties agree to preserve all objections, except those relating to privilege. The parties can denote any objections to form during the deposition designation process.

19. The parties agree and acknowledge that depositions noticed to be recorded by a videographer can be used as specified in RCFC 32. The parties also agree that the court reporter may be given a copy of the video recording and may review the video recording to improve the accuracy of any written transcript.

20. Nothing in this stipulation waives the rights of any party to seek any appropriate relief from the Court.

Respectfully submitted this 23rd day of July 2020.

/s/ Roger J. Marzulla (*with permission*)
Roger J. Marzulla
Nancie G. Marzulla
MARZULLA LAW, LLC
1150 Connecticut Ave., NW Ste. 1050
Washington, DC 20036
(202) 822-6760 (telephone)
(202) 822-6774 (facsimile)

Stephen E Morrissey

8

Jordan Connors
Jenna G. Farleigh
SUSMAN GODFREY LLP
1201 Third Avenue, Suite 3800
Tel: (206)-516-3880
Fax: (302) 516-3883
smorrissey@susmangodfrey.com
jconnors@susmangodfrey.com
jfarleigh@susmangodfrey.com

*Counsel for Proposed Class Plaintiffs*


/s/ Benjamin H. Richman (*with permission*)
Benjamin H. Richman
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
T: 312.589.6370
F: 312.589.6378
brichman@edelson.com

Robert Teel
lawoffice@rlteel.com
LAW OFFICE OF ROBERT L. TEEL
1425 Broadway, Mail Code: 20-6690
Seattle, Washington 98122
T: (866) 833-5529
F: (855) 609-6911

Ronald A. Marron
LAW OFFICES OF RONALD A. MARRON, APLC
651 Arroyo Drive
San Diego, California 92103
T: (619) 696-9006
F: (619) 564-6665
ron@consumersadvocates.com

*Counsel for Kenneth Pickard*

JEAN E. WILLIAMS
Deputy Assistant Attorney General

 /s/  Brigman L. Harman
Brigman L. Harman
Krystal-Rose Perez
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M Street, NE
Washington, D.C. 20002
Tel: (202) 616-4119 (Harman)
       (202) 305-0486 (Perez)
Fax: (202) 305-0506
Email: Brigman.Harman@usdoj.gov
            Krystal-Rose.Perez@usdoj.gov

*Counsel for the United States*